1  JACK B. MCCOWAN, JR. (SBN 062056)
   JUAN D. WALKER (SBN 208008)
2  GORDON & REES LLP
   Embarcadero Center West
3  275 Battery Street, Suite 2000
   San Francisco, CA 94111
4  (415) 986-5900
   (415) 986-8054
5
   Attorneys for Defendant
6  SALESIAN SOCIETY (sued herein as
   SALESIANS OF DON BOSCO,
7  dba CAMP ST. FRANCIS)

8              UNITED STATES DISTRICT COURT

9           NORTHERN DISTRICT OF CALIFORNIA (SAN JOSE)

11 ROBIN MOREL,                              )  CASE NO. C07 01263 JF PVT
                                             )
12              Plaintiff,                   )  **STIPULATED PROTECTIVE ORDER**
                                             )     AS MODIFIED BY THE COURT
13      vs.                                  )
                                             )  Complaint Filed:  March 2, 2007
14 SALESIANS OF DON BOSCO, dba CAMP          )
   ST. FRANCIS, DOES 1-50; inclusive,        )
15                                           )
                Defendants.                  )
16 _____ )

17

18         IT IS HEREBY STIPULATED by and between: (1) Plaintiff, ROBIN MOREL, through

19 her attorney of record, Alan L. Martini of Sheuerman, Martini & Tabari; (2) Defendant

20 SALESIAN SOCIETY (sued herein as SALESIANS OF DON BOSCO, dba CAMP ST.

21 FRANCIS), through its attorney of record, Jack B. McCowan, Jr. of Gordon & Rees LLP, as

22 follows:

23      1.     In connection with discovery in this action, any party may designate the following

24 types of documents or materials as "confidential" under the terms of this stipulated protective

25 order.  Such documents include, but are not limited to, property valuations, financial reports,

26 proprietary information and personnel information.  This list is not exhaustive and shall not act to

27 limit the types of documents that may receive a confidential designation.

28

2. The party designating the documents or materials as confidential shall designate those confidential documents and materials by stamping them with a legend incorporating the term "CONFIDENTIAL". The legend need only be stamped on the front page of any documents, materials or information which consists of multiple pages, so long as it is evident that the pages constitute one single document.

3. If a party disagrees with the confidential designation, that party shall notify the designating party of the objections, in writing, within twenty (20) days of the receipt of the designated material. The written objection shall identify the bates numbers of the designated documents at issue and state the reasons why the party disagrees with the confidential designation. The parties shall meet and confer over the objections for a period of no longer than twenty (20) days after receipt of the written objection. If the parties are unable to agree as to the designation, the designating party shall file a motion for a protective order to deem such material as confidential within ten (10) days of the conclusion of the meet and confer process. If the designating party fails to file a timely motion for a protective order, the documents, materials or information identified in the written objection shall not be considered confidential. The documents, materials or information identified in the written objection shall remain confidential during the meet and confer period and the period, if applicable, prior to the decision on the motion for protective order by the court.

4. Documents, materials and information designated as confidential shall be automatically deemed confidential and/or proprietary if objections are not timely served. Access to or knowledge of designated documents, materials and information is limited to the parties, their attorneys, insurers, experts consulted or employed for the purpose of this case currently pending in the United States District Court, Northern District of California (San Jose) entitled Robin Morel v. Salesians of Don Bosco, dba Camp St. Francis, et al. (USDC, Northern District of California, Case No. C07 01263 JF PVT), and non-party witnesses called to testify or who counsel of record reasonably anticipate may testify at trial, arbitration, evidentiary hearing and/or at deposition. Such persons, their assistants, agents, employees, and representatives shall only have access to and use confidential documents, materials and information, including any

summaries, abstracts, or other documents derived in whole or in part from them, for the sole purpose of pursuing, defending or resolving this action, and for no other purpose. Such persons, their assistants, agents, employees, and representatives shall not disclose confidential documents, materials and information to any other person or entity without the express prior written consent of the other parties, unless ordered by the Court. Such confidential documents, materials and information may be used, under the terms of this stipulation, in connection with the claims asserted by Robin Morel against Salesian Society (sued herein as Salesians of Don Bosco, dba Camp St. Francis) , and related parties, whether in an arbitration, mediation, or court action.

5.    A copy of this stipulated protective order shall be provided to all persons who are to be allowed access to confidential documents, materials or information to that person. No person shall be allowed access to confidential documents, materials, or information unless that person agrees to follow and be bound by the terms of this stipulated protective order and agrees to be subject to the jurisdiction of the above-referenced court in connection with any possible or actual violations of the terms of this stipulated protective order. No expert or nonparty witness shall be allowed access to confidential documents, materials or information unless that party has executed an undertaking to comply with this stipulated protective order in the form attached hereto as Exhibit "A".

6.    Confidential documents, materials or information may be disclosed to court personnel, including stenographic reporters engaged in proceedings necessarily incidental to the preparation for hearing or trial of this action or the matters identified in Paragraph 4 above. In the event that the parties agree to the arbitration or mediation of this action, confidential documents may also be disclosed to the selected or appointed arbitrators and mediators and their respective personnel.

7.    Confidential documents, materials or information developed, revealed or included within any discovery proceedings, formal and informal, whether in the form of depositions, transcripts, answers to interrogatories or requests for admissions, document production, or contained in pleadings, motions, memoranda, affidavits, declarations, expert witness disclosures or reports, or other documents submitted to this Court, or in the transcript of any hearing or

1  proceeding of the Court, shall be subject to this stipulated protective order and when presented to
2  or filed with the Court, the procedures outlined in Civil Local Rule 79-5 shall be observed.
3       8.   ~~The inadvertent production of any confidential documents, materials or~~
4  ~~information by a producing party during discovery in this litigation without a confidential~~
5  ~~designation, or the inadvertent failure to designate documents, materials or information as~~
6  ~~confidential by an inspecting party, shall be without prejudice to any claim that such documents,~~
7  ~~materials or information are confidential, and no party or non-party shall be held to have waived~~
8  ~~any rights by such inadvertent production or failure to designate subject to the limitations herein~~
   PVT
9  ~~provided~~ a party who has inadvertently produced documents it considers confidential without so
10 designating them, shall give written notice to the other parties of the mistake within twenty (20)
11 days of the production.  The parties shall meet and confer for a period of no longer than twenty
12 (20) days concerning the inadvertent disclosure and if the parties are unable to agree as to the
13 requested designation, the party seeking the designation shall file a motion to deem such material
14 as confidential within ten (10) days of the conclusion of the meet and confer process.  For
15 purposes of this stipulated protective order, an "Inspecting Party" is a party inspecting its own
16 documents which are in the possession of a third party with whom the Inspecting Party has a
17 professional relationship (i.e., an accountant) such that, under applicable law, the documents are
18 arguably confidential notwithstanding their presence in the files of such third party. Upon
19 receiving prompt notice that a party deems such material confidential and inadvertently
20 produced, the other party will, subject to their rights under paragraph 3 hereof, treat such
21 document or materials, and the information contained therein, as confidential pending the
22 Court's ruling on a timely motion to deem the documents confidential made within ten (10) days
23 by the party asserting confidentiality after such party has asserted the documents are privileged.
24 Upon the Court ordering the inadvertently produced documents to be confidential, the terms of
25 this stipulated protective order shall apply thereto.
26      9.   Any disclosure of information or material by the other party or parties to any
27 recipient permitted under paragraph 4 hereof, prior to receipt of the notice specified in
28

Gordon & Rees LLP
Embarcadero Center West
275 Battery Street, Suite 2000
San Francisco, CA 94111

1  paragraphs 8 or 9 hereof, shall not constitute a violation of this stipulated protective order or
2  otherwise subject the disclosing party or parties to any liability of any kind.

3      10.    Confidential documents, material and information shall not lose their confidential
4  status should they be used during the course of any court proceeding, mediation or arbitration in
5  this action or other proceeding.  The party using confidential documents, material and
6  information shall take all reasonable steps necessary to maintain their confidentiality during such
7  use.

8      11.    Testimony taken at deposition, conference, hearing, arbitration or trial may be
9  designated as confidential by making a statement to that effect on the record at the deposition or
10 other proceeding if the testimony directly concerns a document previously produced and
11 designated as confidential and the testimony including such confidential information.  All other
12 testimony may be designated as confidential upon stipulation of the parties at the deposition,
13 conference, hearing, arbitration or trial.  If the parties are unable to reach a stipulation, then the
14 testimony shall be conditionally designated as confidential subject to a successful challenge
15 (including the designating party not timely moving for a protective order) to the designation
16 pursuant to paragraph 3.

17    12.    This stipulated protective order shall not prejudice the rights of any party to make
18 an objection to the production of confidential matters or to their admissibility into evidence, or
19 the designation of any material as confidential.

20    13.    This stipulated protective order shall not in any way prejudice the rights of the
21 parties for a modification of this order in the future and the Court retains jurisdiction to modify
22 this order.

23    14.    This stipulated protective order shall survive the final termination of this lawsuit.
24 Within forty-five (45) days of the termination of the lawsuit (including any and all appeals and
25 petitions), all parties shall assemble and return to the party providing the confidential documents,
26 materials or information, all documents, materials and information designated as confidential and
27 which have remained confidential under this stipulated protective order without retaining any
28 copies or duplicates.  Alternatively, counsel may certify destruction of such documents in

1  writing.  Counsel shall be entitled, however, to retain memoranda and other work product, and
2  pleadings embodying information derived from such confidential information to the extent
3  reasonably necessary to preserve a file in this litigation.  All such memoranda and other work
4  product shall remain subject to the terms of this stipulated protective order.

5      15.    The court shall retain jurisdiction to resolve any dispute concerning the use of the
6  documents, materials or information disclosed under this stipulated protective order.  The court
7  may grant sanctions for improper use of such documents, materials and information and may
8  impose such sanctions on its own motion or on motion of a party.

9      16.  This stipulated protective order shall not preclude the disclosure of confidential
10 information to the Court having jurisdiction over the litigation, including the trier of fact at the
11 time of trial or court hearing in this action. To the extent that any confidential information is filed
12 or otherwise presented in Court, it shall be pursuant to Civil Local Rule 79-5.

13     IT IS SO STIPULATED:

14 Dated:  September 18, 2007        SHEUERMAN, MARTINI & TABARI

15                   By:/s/_____
                      ALAN L. MARTINI
16                       Attorneys for Plaintiff

17 Dated:  September 18, 2007        GORDON & REES LLP

18

19                   By:/s/_____
                      JACK B. MCCOWAN, JR.
20                       Attorneys for Defendant
                      SALESIAN SOCIETY (sued herein as
21                       SALESIANS OF DON BOSCO, dba CAMP
                      ST. FRANCIS)

22     IT IS SO ORDERED.

23 Dated: September 19, 2007          /s/ Patricia V. Trumbull
24                Magistrate Judge, United States District Court

25

26

27

28

Gordon & Rees LLP
Embarcadero Center West
275 Battery Street, Suite 2000
San Francisco, CA 94111

EXHIBIT A

AGREEMENT CONCERNING MATERIAL COVERED BY STIPULATED PROTECTIVE ORDER PURSUANT TO ORDER ENTERED BY THE UNITED STATES DISTRICT COURT NORTHERN DISTRICT OF CALIFORNIA (SAN JOSE)

CASE NAME:

MOREL V. SALESIANS OF DON BOSCO, DBA CAMP ST. FRANCIS

CASE NUMBER:

C07 01263 JF PVT

    I acknowledge that I have read the stipulated protective order pursuant to Court order of _____ entered into this action by the United States District Court, Northern District of California (San Jose) and that I understand its terms and agree to be bound by its terms.

Dated: _____      _____
                                                                           Signature

                                               _____
                                              Printed Signature

                                               _____
                                              Relationship to or Interest in this Action

Gordon & Rees LLP
Embarcadero Center West
275 Battery Street, Suite 2000
San Francisco, CA 94111