**E-Filed 11/20/2007**

NOT FOR CITATION

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE NORTHERN DISTRICT OF CALIFORNIA**

**SAN JOSE DIVISION**

| | |
|---|---|
| ROBIN MOREL,<br><br>                           Plaintiff,<br><br>      v.<br><br>SALESIANS OF DON BOSCO, dba CAMP ST.<br>FRANCIS, DOES 1-50, inclusive,<br><br>                           Defendants. | Case Number C 07-01263 JF PTV<br><br>ORDER[1] GRANTING MOTION TO<br>DISMISS FOR LACK OF<br>JURISDICTION<br><br>[re: docket nos. 8, 16, 21, 30, 34, 39, 43,<br>47, 50, 52] |

## I. BACKGROUND

1.      Factual Background

Plaintiff Robin Morel ("Morel") asserts tort claims related to an alleged incident at Camp St. Francis in Aptos, California.  According to her complaint, during a visit to the camp on March 5, 2005, Morel suddenly was swept into the ocean by riptides.  Complaint at ¶ 19.  One of Morel's claims, based upon California Civil Code § 1714 alleges negligent management of Camp Saint Francis.  *Id.* at ¶¶ 22-25.  Morel names as a defendant "Salesians of Don Bosco *dba St. Francis*," an entity described in the complaint as "a worldwide Roman Catholic Religious Order

---

[1] This disposition is not designated for publication and may not be cited.

1  of Priests . . . with its principal place of business in Italy." *Id*. at ¶ 2.  Morel alleges that this

2  Court has subject matter jurisdiction based on diversity of citizenship.

3       The Salesian Society (the "Society") is a California nonprofit religious corporation

4  located at 1100 Franklin Street in San Francisco, California.[2]  On March 22, 2007, Morel served

5  her complaint on John Cattalini at the Society's San Francisco address.[3]  Opposition to Motion to

6  Dismiss for Lack of Jurisdiction ("Opposition to the Society's MTD") exhibit U.  Morel argues

7  that because the Society is a local agent of the Italian entity, she effected service on that entity.

8  The Society denies any agency relationship with the Italian entity and further claims full

9  ownership of the Camp St. Francis property, which it leases to a separate California corporation

10  named Camp St. Francis.

11       2.       Procedural Background

12       Morel filed her complaint on March 2, 2007.  On April 20, 2007, no defendant having

13  appeared, this Court entered default judgment as to "Salesians of Don Bosco dba St. Francis."

14  On May 2, 2007, the Court issued an order granting a stipulated request to set aside the default

15  and allow the parties to appear.  That order provided as follows:

16           WHEREAS defendant SALESIANS OF DON BOSCO, dba
17       CAMP ST. FRANCIS was served with the complaint in this matter on March 22,
         2007; and,
18           WHEREAS as a result of miscommunications among
         representatives of defendant, the fact of service of the complaint was not
19       communicated to defendant's counsel; and,
             WHEREAS counsel for defendant mistakenly believed that service
20       of the complaint had not occurred, and therefore failed to ensure defendant's
         timely response to the complaint; and,
21           WHEREAS the clerk of the court entered defendant's default on
         April 23, 2007; and
22           . . .
             . . . IT IS HEREBY STIPULATED, by and between the parties,
23       through their attorneys, that the default of defendant SALESIANS OF DON
         BOSCO, dba CAMP ST. FRANCIS be set aside and the defendant SALESIANS
24       OF DON BOSCO, dba CAMP ST. FRANCIS shall have twenty (20) days from
         the date of the order to set aside the default to respond to the compliant.

25  _____

26  [2] The Court takes judicial notice of the Society's California incorporation and address as a
    matter of public record.  *See* Salesian Society's Motion to Dismiss for Lack of Subject Matter
27  Jurisdiction ("the Society's MTD"), exhibit 1.

28  [3] The parties do not dispute the time and place of service on Mr. Cattalini.

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

Twenty days later, the Society filed the instant motion to dismiss for lack of jurisdiction, arguing that this Court lacks subject matter jurisdiction because there is no Italian entity doing business as Camp St. Francis or otherwise responsible for the management of that property.  On June 18, 2007, the Society filed a motion for correction of the order setting aside the default.   In that motion, the Society claimed that the May 2, 2007 stipulation reflected a further error by its counsel, and that the reference to "Salesian Don Bosco dba Camp St. Francis" simply escaped counsel's attention at the time the stipulation was drafted.  In his supporting declaration, counsel stated that he does not represent an entity called "Salesian Don Bosco dba Camp St. Francis" and he believed that he was entering into the stipulation on behalf of the Society.  McCowan Declaration.  Morel opposed both of the Society's motions, and on June 20, 2007, she moved for entry of default against the Italian entity.

On August 30, 2007, Direzione Generale Opere Don Bosco ("Direzione"), an Italian entity claiming to be the Defendant identified in the complaint, filed a motion to set aside the default, quash summons and dismiss for lack of jurisdiction.  Direzione Generale Opere Don Bosco's Motion to Set Aside Default, Quash Summons and Dismiss for Lack of Personal Jurisdiction ("Direzione's MTD") at 6.  Direzione describes itself as an Italian entity recognized as a juridic person under the Canon Law of the Catholic Church. *Id*. at 9.   According to Direzione's moving papers, the General Council of the Salesians operates through the Direzione, and individual members of the Society belong to the General Council of the Salesians.  *Id*. Direzione argues that the Court does not have personal jurisdiction over it because: (1) it does not have sufficient contacts with the United States; it does not do business own property or have any employees in the United States; (2) it does not have any relation to, nor does it own, control or manage Camp St. Francis; (3) the Society is neither a subsidiary nor an agent of Direzione. *Id*. at 11-18.   Morel opposes this motion as well.

The Court heard oral argument on October 19, 2007.  For the reasons set forth below, the default judgment against the Italian entity will be vacated, and the case will be dismissed for lack of subject matter jurisdiction.

3

## III. DISCUSSION

      1.      Subject Matter Jurisdiction

      a.      Standard of Review

Federal district courts are vested with original jurisdiction over civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and the action is between "citizens of different States." 28 U.S.C. § 1332(a)(1).

> Our cases have established several principles to guide this inquiry. First, the party asserting diversity jurisdiction bears the burden of proof. *Resnik v. La Paz Guest Ranch*, 289 F.2d 814, 819 (9th Cir.1961). Second, a person is "domiciled" in a location where he or she has established a "fixed habitation or abode in a particular place, and [intends] to remain there permanently or indefinitely." *Owens v. Huntling*, 115 F.2d 160, 162 (9th Cir.1940) (quoting *Pickering v. Winch*, 48 Or. 500, 87 P. 763, 765 (1906)); 1 J. Moore, Moore's Federal Practice ¶ 0.74(3.-3), at 707.58-60 (1985) . . . . Third, the existence of domicile for purposes of diversity is determined as of the time the lawsuit is filed. *Hill*, 615 F.2d at 889.

*Lew v. Moss*, 797 F.2d 747, 749-50 (9th Cir. 1986). For purposes of diversity jurisdiction a corporation is deemed to be the citizen of the state of incorporation and the state of its principal place of business. 28 U.S.C. § 1332(c); *see also Munoz v. Small Bus. Admin.*, 664 F.2d 1361, 1365 (9th Cir. 1981).

> A Rule 12(b)(1) jurisdictional attack may be facial or factual. *White v. Lee*, 227 F.3d 1214, 1242 (9th Cir.2000) (citation omitted). In a facial attack, the challenger asserts that the allegations contained in a complaint are insufficient on their face to invoke federal jurisdiction. By contrast, in a factual attack, the challenger disputes the truth of the allegations that, by themselves, would otherwise invoke federal jurisdiction. . . .
> In resolving a factual attack on jurisdiction, the district court may review evidence beyond the complaint without converting the motion to dismiss into a motion for summary judgment. *Savage v. Glendale Union High Sch.*, 343 F.3d 1036, 1039 n. 2 (9th Cir.2003) (*citing White*, 227 F.3d at 1242). The court need not presume the truthfulness of the plaintiff's allegations. *White*, 227 F.3d at 1242. "Once the moving party has converted the motion to dismiss into a factual motion by presenting affidavits or other evidence properly brought before the court, the party opposing the motion must furnish affidavits or other evidence necessary to satisfy its burden of establishing subject matter jurisdiction." *Savage*, 343 F.3d at 1039 n. 2.

*Safe Air for Everyone v. Meyer*, 373 F.3d 1035, 1039 (9th Cir. 2004).

      b.      Proper Naming of a Diverse Party

The Society argues that the instant case must be dismissed for lack of subject matter jurisdiction because Morel has not identified, and cannot identify, a proper diverse defendant.

1  Specifically, the Society argues that Camp St. Francis is neither owned nor operated by an

2  Italian entity.[4]  Morel, however, continues to assert that "defendant [Italian entity] manages,

3  controls and rents the Camp St. Francis facility."  Opposition to the Society's MTD at 2.

4  Because the Society has brought a factual challenge under Rule 12(b)(1), the operative question

5  is whether Morel has shown that Direzione is a proper Defendant.

6       Relying primarily on information gathered from the Camp's website, Morel attempts to

7  prove that Camp St. Francis is *directly* owned and managed by the Italian entity rather than by

8  the Society or the Camp St. Francis corporation.  Morel explains generally that "Rector Majors,"

9  managers located in Italy, oversee the actions of "provincials," individuals who head provinces

10  of the Salesians located throughout the world.  Morel directs the Court's attention to the

11  following language on the Italian entity's website:

12       Each province is headed by a provincial.  In union with the Rector Major
     and with love and pastoral zeal he carries out his service of building up a fraternal
13     provincial community. . . . The provincials appointed by the Rector Major with
     the consent of his council after wide consultation in the province concerned . . .
14     He exercises ordinary power over all the houses and members of the province in
     both the internal and external forum, according to the norms of the Constitutions
15     and of Cannon law.  The provincial is the bond of union between the province and
     the Rector Major with his council; he fosters relationships with the civil
16     authorities and with ecclesiastical and religious organizations in his area.

17
18  Additionally, Morel points out that the website: (1) describes the Salesians as a nonprofit

19  organization recognized by the Italian government as a judicial person for civil purposes; (2)

20  identifies a "provincial house" by the name of "Salesians of St. John Bosco" located at 1100

21  Franklin Street in San Francisco; and (3) advertises Camp St. Francis.  *Id*. at 4-6.  Morel appears

22  to contend that the general description of the Italian entity's organizational structure and its

23  affiliation with the Society establishes that the Italian entity is the true owner of Camp St.

24  Francis.

25       However, the evidence shows that the Society, a California corporation, is the sole

26  _____

27  [4] In support of its position, the Society claims that the Italian entity named in the
   complaint does not even exist.  However,  the thrust of its argument is that Camp St. Francis is
28  not managed or owned by the only relevant Italian entity that does exist–Direzione–and that
   Direzione is not *doing business as* Camp St. Francis.

Case No. C 07-01263
ORDER GRANTING MOTION TO DISMISS FOR LACK OF JURISDICTION
(JFLC1)

1  owner of the camp property.  *See* the Society's MTD at exhibit 2,4.[5]  General statements

2  describing the order's hierarchy do not demonstrate that the property is somehow owned by the

3  Italian entity.  Nor has Morel shown that the Society's ownership and control of the property is

4  attributable to the Italian entity on the basis of a principal-agent relationship between the two.[6]

5  Morel notes correctly that for purposes of jurisdictional analysis, a subsidiary functions as the

6  parent's agent if it accomplishes tasks that the parent in its absence would have to accomplish

7  itself.  *See Doe v. Unocal*, 248 F.3d 915, 928 (9th Cir. 2000).  However, Morel has not shown

8  that this is the case: she offers no proof that the Society provides benefits to the Italian entity or

9  carries on business the Italian entity otherwise would undertake itself.  Morel also ignores

10  altogether one of the necessary and defining characteristics of an agency relationship: control.

11  In her response to Direzione's motion to dismiss for lack of personal jurisdiction, Morel

12  cites *Malloy v. Fong*, 232 P.2d 241 (Cal. 1951), to support her argument that the Society is the

13  Italian entity's agent.  *Malloy* involved an examination of the relationship between the

14  Presbytery "a virtual unit . . . [with] extensive powers of control over the churches within its

15  jurisdiction," *id.* at 367,  and a particular church.  The *Malloy* court did not simply base its

16  decision on the hierarchical structure of the Presbyterian domination; rather, it examined fully

17  the relationship between the parties.  Accepting the jury's findings that the Presbytery held title

18  to the Church's property, conducted the Church's social and recreational activities and oversaw

19  the selection of ministers, the court recognized a principal-agent relationship.

20  Morel has not proffered evidence of a similar relationship here.  While she provides a

21  general explanation of the hierarchical structure of the Salesians of Don Bosco, she does not

22  offer any evidence regarding the relationship between the Society and the Italian entity.[7]  The

23  ──────────

24  [5] The Court takes judicial notice of the Society's title to Camp St. Francis as a matter of
public record.

25
26  [6] Although Morel actually asserts this argument to demonstrate that service was proper, in
the interest of providing her with the most complete consideration of her arguments, the Court
27  will also analyze agency as a grounds for subject matter jurisdiction.

28  [7] Plaintiff's opposition to Direzone's motion introduces additional information regarding
the Salesian order's hierarchical structure and the Code of Canon law adopted by the Society.

Case No. C 07-01263
ORDER GRANTING MOTION TO DISMISS FOR LACK OF JURISDICTION
(JFLC1)

1  record thus contains no factual basis for a finding that any Italian entity exercises sufficient

2  control over the Society to establish an agency relationship.

3          Finally, Morel offers no evidence that any entity other than the Camp St. Francis

4  corporation actually manages the property.[8]   While Morel argues that Camp St. Francis is

5  merely another name under which the Italian entity does business, it is undisputed that Camp St.

6  Francis is a California corporation.[9]   *See* Touchstone Declaration & exhibits.  Morel notes that

7  the Camp St. Francis "Use of Facilities" contract is printed on letterhead referencing "Salesians

8  of Don Bosco," and further argues that "[t]he sign at the entrance to Camp St. Francis ["Camp

9  St. Francis Salesians of St. John Bosco"] shows that  it is operated by the Salesians of Saint

10 John Bosco, not a California corporation."  Opposition to the Society's MTD at 9.  While this

11 information obviously suggests some connection between Camp St. Francis and the Salesian

12 order, ambiguous references such as these do not support the conclusion that an Italian entity is

13 *doing business as* Camp St. Francis.

14         Based on the foregoing discussion, the motion to dismiss will be granted and the default

15 judgment will be vacated.  All other requests for relief will be terminated as moot.

---

*See* Doyle Declaration.  While this information assists the Court in understanding the hierarchy's structure, it does demonstrate an actual exercise of control by any Italian entity over any specific activities of the Society.

[8] Morel does not offer any evidence to refute Brother Touchstone's declaration that the property is controlled by leasee St. Francis.

[9] The Court takes judicial notice of St. Francis's incorporation under California law as a matter of public record.

Case No. C 07-01263
ORDER GRANTING MOTION TO DISMISS FOR LACK OF JURISDICTION
(JFLC1)

1

**IV.  ORDER**

2        Good cause therefor appearing, IT IS HEREBY ORDERED that the above entitled

3   action is dismissed without prejudice.  The clerk shall enter judgment and close the file.

4

5   DATED: November 20, 2007

6

7                                          _____
                                           JEREMY FOGEL
8                                          United States District Judge

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Case No. C 07-01263
ORDER GRANTING MOTION TO DISMISS FOR LACK OF JURISDICTION
(JFLC1)

1   This Order has been served upon the following persons:

2

3   Alan Louis Martini       amartini@smtlaw.com

4   Jack B. McCowan, Jr.        Jmccowan@gordonrees.com

5   Daniel C. Zamora
    500 Sansome Street, 8th Floor
6   San Francisco, CA 94111

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

9